NIGHT BOX
FILED

JUL 23 1999

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| SUE KING, AUDREY PEREZ, ET AL., on behalf of themselves and other similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>SALOMON SMITH BARNEY INC.,<br><br>Defendant. | CASE NO. **99-2063**<br>MAGISTRATE JUDGE **CIV-SEITZ**<br>JURY TRIAL DEMANDED MAGISTRATE JUDGE GARBER |

## NATIONAL COLLECTIVE ACTION
## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, SUE KING, AUDREY PEREZ, JACKIE RUPERT, ELIZABETH HUGUS, present and former employees of Defendant Salomon Smith Barney Inc., including its predecessor Smith Barney Inc. (hereinafter "Salomon Smith Barney"), bring this action on behalf of themselves and other similarly situated employees, past and present, of Defendant Salomon Smith Barney to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs, under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) (hereinafter "the Act").

## I. INTRODUCTION

### NATIONAL COLLECTIVE ACTION BY SALOMON SMITH BARNEY
### HOURLY EMPLOYEES FOR UNPAID OVERTIME

1.  Plaintiffs bring this nationwide collective lawsuit against Defendant Salomon Smith Barney on behalf of themselves and all other eligible past and present employees of Salomon Smith Barney, employed by Salomon Smith Barney at any time within the last three (3) years as securities

sales assistants (sometimes known at Salomon Smith Barney as "SAs"), wire operators, cashiers, or similarly situated clerical, hourly positions.[1]

2. Salomon Smith Barney, as a matter of practice and policy, refused and/or failed, and upon information and belief, refuses and fails, to pay all of the overtime compensation due to employees who were and are not exempt from the Fair Labor Standards Act and work greater than forty (40) hours in a given work week.

3. Plaintiffs and the similarly situated employees are owed overtime pay, liquidated damages, costs and attorneys' fees under the Fair Labor Standards Act.

4. Plaintiffs and the similarly situated employees were and are compensated by Salomon Smith Barney on an hourly basis. Plaintiffs and other Salomon Smith Barney sales assistants, marketing associates (telemarketers), cashiers, receptionists, clerks, and wire operators, were and are told by Salomon Smith Barney that they are not exempt from the Fair Labor Standards Act. Plaintiffs and the similarly situated employees were/are allotted an hourly employee's number of vacation days, sick days and the like, and, but for the lack of payment of overtime compensation, were otherwise treated as hourly employees by Salomon Smith Barney. Although Salomon Smith Barney designated and otherwise treated such employees as non-exempt when it benefitted Salomon Smith Barney, the company nonetheless failed and/or refused to pay such employees some or all of the overtime pay due.

---

[1] The title "Sales Assistant" is generally used in the securities industry for the individuals who primarily perform secretarial and clerical duties for securities firms' stockbrokers.

GENOVESE LICHTMAN JOBLOVE & BATTISTA, P.A.
NATIONSBANK TOWER • 100 SOUTHEAST SECOND STREET, SUITE 3300 • MIAMI, FLORIDA 33131 • TELEPHONE (305) 349-2300 • FACSIMILE (305) 349-2310

5. Specifically, Salomon Smith Barney, despite designating and otherwise treating its SAs and similarly situated clerical hourly employees as non-exempt employees, violated the Fair Labor Standards Act with regard to these employees as follows:

a. Such employees work(ed) hours for which they are/were not allowed to record and/or submit to Salomon Smith Barney for payment;

b. Such employees are/were not paid for all hours worked in a given workweek;

c. Such employees are/were not paid overtime compensation at a rate not less than one and one-half (1½) times the rate they are/were employed, for work performed beyond forty (40) hours per week; and

d. Salomon Smith Barney has/does not regularly make, keep or preserve records of the hours maintained by such employees as required by the Act.

## II. **WILLFUL FAILURE AND REFUSAL TO PAY OVERTIME**

6. Plaintiffs allege, on behalf of themselves and the other similarly situated employees, that Salomon Smith Barney's failure to pay overtime was knowing and willful. Accordingly, Plaintiffs and other similarly situated employees eligible to join this action are entitled to recover all overtime pay due for overtime hours worked within the last three (3) years from the later of the date of filing this lawsuit, or the date the particular employee joins the lawsuit by filing a "Consent to Become Party Plaintiff" form (similar in form to the consent forms signed by the Plaintiffs and attached hereto as composite Exhibit "A") with the Court, or such other dates as the Court may determine to be appropriate applying equitable tolling principles. Plaintiffs also seek and are entitled to, on behalf of themselves and other employees, an additional equal amount as liquidated damages, plus prejudgment interest on the overtime wages due and owing, and attorneys' fees and costs.

3

GENOVESE LICHTMAN JOBLOVE & BATTISTA, P.A.

NATIONSBANK TOWER • 100 SOUTHEAST SECOND STREET, SUITE 3300 • MIAMI, FLORIDA 33131 • TELEPHONE (305) 349-2300 • FACSIMILE (305) 349-2310

## III. **NATURE OF THE CASE**

### **THE COMPANY**

7.  A leader in the U.S. securities industry, Salomon Smith Barney provides brokerage, investment banking and asset management services to corporations, governments and individuals around the world. Salomon Smith Barney's more than 35,000 employees work from more than 500 locations throughout the U.S. and internationally, including 40 branch offices in Florida.

8.  As the nation's second largest retail brokerage firm, with over 11,000 financial consultants (stockbrokers),[2] Salomon Smith Barney offers clients a full range of investment products — including stocks, bonds, mutual funds, CDs, insurance and annuities — and services such as advice on retirement planning, asset allocation, overall money management, college funding, estate planning, trust services, and special services for affluent investors.

9.  Salomon Smith Barney is a subsidiary of Citigroup, which provides a full range of investment, insurance and consumer finance services to individual, institutional and government clients around the world. Citigroup has assets of approximately $700 billion.

### **THE "FINANCIAL CONSULTANTS"**

10.  To service its clients and thousands of accounts, Salomon Smith Barney employs approximately 11,000 domestic and international financial consultants. It is the second largest retail brokerage force in the nation, just behind Merrill Lynch.

11.  Salomon Smith Barney's major contribution to the financial services industry is touted in its long standing marketing and advertising pronouncement that "We make money the old fashioned way . . . We earn it!"

---

[2]  Salomon Smith Barney is also known to refer to its financial consultants as "FC's."

12. In addition to their financial consultant designation, Salomon Smith Barney bestows titles to its FC's such as "Assistant Vice President - Investments," "Associate Vice President - Investments," "Vice President - Investments," "First Vice President - Investments" or "Senior Vice President - Investments." The titles differentiate the executive employees from the clerical staff.

### TRAINING FOR "FINANCIAL CONSULTANTS"; NONE FOR SALES ASSISTANTS

13. Typically, individuals hired by Salomon Smith Barney as financial consultants are experienced stockbrokers. Nevertheless, Salomon Smith Barney provides extensive training to these experienced brokers upon hiring and periodically throughout their employment. Salomon Smith Barney has had several training programs for experienced stockbrokers, including the Client-Value Business Management Program ("CVBM"). The CVBM Program encompassed five distinct levels of achievement, each with its own curriculum conforming to the needs of successful FC's at critical stages of their development. The program was run on a divisional basis, with each division's program being run by a local Divisional Training Officer ("DTO"), a business development expert. In turn, each DTO is guided and supported by a national team of professionals dedicated to providing the finest curricula and training materials in the industry. In addition to the divisional programs run by DTO's, national programs are sponsored each year by the National Training and Development Group.

14. Each year Salomon Smith Barney also hires and trains hundreds of inexperienced stockbrokers as financial consultants. Salomon Smith Barney trains the new brokers at its Hartford, Connecticut, training center. Salomon Smith Barney typically requires that its new stockbroker applicants have a proven track record of success in their work experience consisting of at least three to five years. Sales experience is preferred as are excellent communication and presentation skills. Salomon Smith Barney maintains an elaborate system for training new financial consultants known

as "the Financial Consultant (FC) Associate Training Program ("FCA program")." The FCA program is a twenty-four month program after which the Financial Consultant Associate becomes a new Financial Consultant, subject to additional training, and performance monitoring and tracking. Thus, Salomon Smith Barney invests a substantial amount of time and money in developing and training its Financial Consultants. Additionally, Salomon Smith Barney provides the FC Associates with salary commitments and incentives among the most generous of any firm.

15. Salomon Smith Barney compensates its financial consultants on a commission basis. Salomon Smith Barney's payout schedule is among the highest in the industry. Additionally, Salomon Smith Barney pays established brokers who join Salomon Smith Barney lavish bonuses, including up-front money, increased payouts, and additional stock options, upon joining Salomon Smith Barney. The financial consultants earn commissions based on the volume of securities transactions they produce, and, as such, theoretically have virtually unlimited earning power.

16. In sharp contrast to the financial consultants, Salomon Smith Barney provides no formal training to its sales assistants, who basically function to facilitate the work of the financial consultants.

## THE SALES ASSISTANTS AND OTHER SUPPORT STAFF

17. Salomon Smith Barney's financial consultants rely on an army of non-exempt, hourly sales assistants, wire operators, and other similarly situated persons to perform the routine, clerical tasks incidental to the financial consultants conducting the business of securities sales.

18. In comparison to the lucrative compensation Salomon Smith Barney pays its financial consultants, its sales assistants, wire operators, cashiers, and other non-exempt hourly employees who support the financial consultants and Salomon Smith Barney management are paid very low wages.

19. Moreover, in contrast to the financial consultants, the sales assistants, cashiers, and

6

GENOVESE LICHTMAN JOBLOVE & BATTISTA, P.A.
NATIONSBANK TOWER • 100 SOUTHEAST SECOND STREET, SUITE 3300 • MIAMI, FLORIDA 33131 • TELEPHONE (305) 349-2300 • FACSIMILE (305) 349-2310

other non-exempt, hourly employees are not paid on a commission basis, do not receive management titles, up-front bonuses or loans, recognition programs, or stock options and the like regularly awarded to Salomon Smith Barney's financial consultants.

20. Additionally, Salomon Smith Barney provides its sales assistants and other non-exempt, hourly employees little in the way of specialized training.

21. During the course of Plaintiffs' employment at Salomon Smith Barney, they were assigned to work for one or more financial consultants. Plaintiffs' duties were routine clerical tasks such as ordering supplies, getting coffee for clients and financial consultants, making copies, filling out and submitting expense reports for her assigned financial consultants, answering telephones, typing letters, forms, and reports, processing outgoing mail, establishing, organizing and maintaining files, utilizing word processing, spreadsheet and similar basic software programs, operating the telephone switchboard (relieving the receptionist), taking messages for their assigned financial consultants or others in their office, ordering food for the people in the office, scheduling travel and entertainment, setting personal and business appointments for the financial consultants, and otherwise assisting their assigned financial consultants and others in the office.

22. Salomon Smith Barney's sales assistants, and other non-exempt, hourly employees, as a condition of continued employment, were/are regularly forced to work nights, weekends and holidays processing the routine clerical work stemming from the thousands of Salomon Smith Barney's clients' brokerage accounts which generate revenues for Salomon Smith Barney and commissions for the financial consultants. Although the sales assistants and the other non-exempt, hourly employees are regularly required to perform such additional, overtime work, they are regularly and routinely paid either no overtime compensation or less overtime compensation than they are entitled to. Indeed, when Salomon Smith Barney has authorized payment of overtime pay to

7

GENOVESE LICHTMAN JOBLOVE & BATTISTA, P.A.

NATIONSBANK TOWER • 100 SOUTHEAST SECOND STREET, SUITE 3300 • MIAMI, FLORIDA 33131 • TELEPHONE (305) 349-2300 • FACSIMILE (305) 349-2310

Plaintiffs, and other similarly situated employees, Salomon Smith Barney has failed to include all of Plaintiffs' compensation in calculating the hourly rate upon which the overtime pay is based.

### IV. STATUTORY BASIS OF CASE

23. This is a collective action brought pursuant to 29 U.S.C. § 216 (Section 16 of the Fair Labor Standards Act) by Plaintiffs on behalf of themselves and other employees of Defendant Salomon Smith Barney, defined as:

> All individuals employed by Defendant Salomon Smith Barney Inc. as securities sales assistants or sales assistants, or in other similarly situated, hourly positions, who within three (3) years from consenting to be included in this collective action, worked but were not paid for, overtime work, or were not paid for overtime work at a rate not less than one and one-half times their regular rate of compensation.

24. Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) (Section 16(b) of the Act), and 28 U.S.C. § 1337, relating to any civil action or proceeding arising under any act of Congress regulating commerce.

25. Plaintiffs, SUE KING, AUDREY Y. PEREZ, and JACKIE RUPERT are Florida residents.

26. Plaintiff, ELIZABETH HUGUS, is a Connecticut resident.

27. Defendant, Salomon Smith Barney Inc., is a corporation organized and existing under the laws of the State of Delaware, having its principal office and place of business located in New York, New York. At all material times referenced herein, Defendant Salomon Smith Barney was authorized to do business in the State of Florida and maintained offices and agents and transacted regular, not isolated, acts of business in this judicial district, at offices located herein which are within the territorial jurisdiction of this Court, and otherwise throughout the State of Florida and various other parts of the United States.

8

GENOVESE LICHTMAN JOBLOVE & BATTISTA, P.A.
NATIONSBANK TOWER • 100 SOUTHEAST SECOND STREET, SUITE 3300 • MIAMI, FLORIDA 33131 • TELEPHONE (305) 349-2300 • FACSIMILE (305) 349-2310

28.     At all material times mentioned herein, Salomon Smith Barney was engaged in the business of soliciting and selling securities, providing investment advice to retail and other customers, and engaging in other activities relating to the securities brokerage business throughout this district, the State of Florida, and the various other states of the United States.

29.     Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391 (General Venue Provision), and the Defendant is subject to personal jurisdiction in this district and division.

30.     All conditions precedent to the maintenance of this cause of action have been performed or have occurred.

## VI. FACTUAL ALLEGATIONS AND PRAYER FOR RELIEF

31.     As a result of Salomon Smith Barney's consistent failure to pay overtime to its sales assistants and similarly situated employees, Salomon Smith Barney's predecessor, Smith Barney, was sued in a national class action brought by the undersigned in this Court entitled <u>Reynolds et al. v. Smith Barney Inc.</u>, Case No. 97-2067-Civ-Highsmith, in July, 1997. The Smith Barney Class Action was settled with this Court's approval in August, 1998.

32.     Notwithstanding the settlement of the <u>Reynolds et al. v. Smith Barney Class Action</u> and the subsequent mailing of notices to Smith Barney employees, many present and former Smith Barney employees who were eligible to join the action did not do so for various reasons, including Smith Barney's failure to provide notice of settlement to the proper address. Additionally, upon information and belief, Smith Barney has continued to fail to pay all of the overtime due its sales assistants and other non-exempt employees subsequent to the period covered by the <u>Reynolds v. Smith Barney</u> action.

33.     This action is brought on behalf of Plaintiffs and all similarly situated persons who are entitled to overtime pay from Smith Barney by virtue of their not effectively opting-in to the <u>Reynolds</u>

9

v. Smith Barney Class Action, or by their not otherwise settling all of their present claims to overtime pay with Salomon Smith Barney, including on behalf of similarly situated persons who are entitled to overtime pay from Salomon Smith Barney for work performed subsequent to the time period covered by the Reynolds v. Smith Barney settlement.

34. Plaintiffs KING, PEREZ, RUPERT, HUGUS work(ed) for Salomon Smith Barney as sales assistants or as clerical staff, non-exempt positions under the Fair Labor Standards Act.

35. Before, during and, upon information and belief, to this day, Salomon Smith Barney employed and employs numerous other individuals as sales assistants, wire operators and in other similarly situated, non-exempt, positions on an hourly basis.

36. At all material times mentioned herein, the business of the Defendant Salomon Smith Barney, including duties and tasks assigned to and performed by Plaintiff's and similarly situated employees, constituted engaging in interstate commerce. Defendant Salomon Smith Barney transacts business from its numerous offices in the State of Florida, with clients throughout the United States, on one or more stock exchanges in other states, and with its other offices in other states.

37. During the course of Plaintiffs' employment as sales assistants at Salomon Smith Barney, they were assigned to work for one or more financial consultants. Plaintiffs' duties were routine clerical tasks such as ordering supplies, getting coffee for clients and financial consultants, making copies, filling out and submitting expense reports for assigned financial consultants, answering telephones, typing letters, forms, and reports, processing outgoing mail, establishing, organizing and maintaining files, utilizing word processing, spreadsheet and similar basic software programs, operating the telephone switchboard (relieving the receptionist), taking messages for assigned financial consultants or others in their office, ordering food for the people in the office, scheduling travel and entertainment, setting personal and business appointments for the financial consultants, and

otherwise assisting assigned financial consultants and others in the office.

38.   During Plaintiffs' employment with Defendant Salomon Smith Barney, Salomon Smith Barney did not make, keep and preserve records of the hours maintained by them as required by the Act.

39.   To Plaintiffs' knowledge and belief, Salomon Smith Barney did not regularly make, keep and preserve records of the hours maintained by the other securities sales assistants and similarly situated, hourly employees as required by the Act.

40.   During the period of Plaintiffs' employment with Defendant Salomon Smith Barney, Plaintiffs were regularly and routinely required by Salomon Smith Barney to work greater than forty (40) hours per week, as were other sales assistants in the branch offices where they worked, as well as throughout the other numerous Salomon Smith Barney offices in various other states of the United States. Forty (40) hours was, and upon information and belief, is insufficient and known by Salomon Smith Barney to be insufficient to properly accomplish the numerous tasks given to Plaintiffs and Salomon Smith Barney's other sales assistants, and many of Salomon Smith Barney's other non-exempt, hourly employees. At the same time, however, Salomon Smith Barney failed and refused to compensate Plaintiffs at a rate of not less than one and one-half (1-1/2) times the regular rate at which they were employed, for the work she performed in excess of forty (40) hours in a given week, contrary to the provisions of section 7(a) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 207 (a)). Even on those circumstances where Salomon Smith Barney agreed to pay overtime wages, Salomon Smith Barney shortchanged Plaintiffs by improperly failing to consider all of Plaintiffs' annual compensation in determining their hourly rate of pay. In other words Salomon Smith Barney paid time and one-half of less than Plaintiffs' actual hourly rate, in violation of the Act.

11

41. During the period Plaintiffs were employed by Salomon Smith Barney, they became aware of and familiar with other sales assistants and similarly situated employees of Defendants Salomon Smith Barney, who were employed in hourly, non-exempt positions. These employees regularly and routinely were required by Salomon Smith Barney to work greater than forty (40) hours in a single week, but were not compensated by Salomon Smith Barney for such work they performed in excess of forty (40) hours at rates not less than one and one-half (1-1/2) times the regular rate such employees were employed, contrary to the provisions of section 7(a) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 207 (a)).

42. Compensation is presently due and owing to Plaintiffs KING, PEREZ, RUPERT, and HUGUS and similarly situated employees of Defendant Salomon Smith Barney for overtime work performed but not paid by Defendant. Plaintiffs are unable to state at this time the precise amount due to each of them and to the similarly situated employees, because the necessary information to calculate the amounts due, e.g., the total hours worked and complete compensation provided, are for the most part in Salomon Smith Barney's possession. Such calculation will be made upon receipt of the appropriate information form Salomon Smith Barney in the discovery process.

43. In addition, Plaintiffs allege that there is due and owing to other Salomon Smith Barney sales assistants, and other similarly situated employees of Salomon Smith Barney, overtime compensation in an amount to be determined once all potential Plaintiffs have opted into this collective action.

WHEREFORE, Plaintiffs request:

    a. Judgment against Defendant Salomon Smith Barney Inc. in the amounts

GENOVESE LICHTMAN JOBLOVE & BATTISTA, P.A.
NATIONSBANK TOWER • 100 SOUTHEAST SECOND STREET, SUITE 3300 • MIAMI, FLORIDA 33131 • TELEPHONE (305) 349-2300 • FACSIMILE (305) 349-2310

respectively due Plaintiffs, and other Salomon Smith Barney sales assistants, and other similarly situated employees, past and present of Defendant Salomon Smith Barney Inc., for overtime compensation, and an equal additional amount as liquidated damages and/or prejudgment interest as provided for under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 216 (b));

  b. The costs of this action as provided for under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 216 (b)); and

  c. An award to Plaintiffs attorneys' fees for the prosecution of this action, as provided for under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 216(b)).

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(B), Plaintiffs demand trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 23 day of July, 1999.

    GENOVESE LICHTMAN JOBLOVE & BATTISTA
    Attorneys for Plaintiffs
    NationsBank Tower
    Suite 3300
    100 S.E. Second Street
    Miami, Florida 33131
    Telephone: (305) 349-2300
    Facsimile: (305) 349-2310

    By: _____
     Jonathan E. Perlman
     Florida Bar No. 773328

F:\WORK\Smith Barney Class Action\SECOND CLASS ACTION\COMPLAINT.wpd




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

SUE KING, AUDREY PEREZ, ET AL., :
on behalf of themselves and other :
similarly situated persons, :
    Plaintiffs, :
:
vs. : CASE NO.
: MAGISTRATE JUDGE
SMITH BARNEY INC., :
:
    Defendant. :

## CONSENT FORM

### CONSENT OF INDIVIDUAL EMPLOYEE TO BECOME PARTY PLAINTIFF PURSUANT TO SECTION 216(b) OF THE FAIR LABOR STANDARDS ACT

    I, SUE KING, a former non-exempt employee of Defendant Smith Barney Inc. at Smith Barney's Sarasota, Florida office, worked overtime for Defendant Smith Barney Inc. without payment of overtime wages within the last three (3) years, and hereby consent to become a party plaintiff in the present action. I understand that by filing this form with the Court, I am agreeing to join this action as a party plaintiff, to be bound by any judgment rendered in this case, and to be represented in such action by counsel for the collective plaintiffs, JONATHAN E. PERLMAN, Esq., Genovese Lichtman Joblove & Battista, NationsBank Tower, Suite 3300, 100 S.E. Second Street, Miami, Florida 33131.

Dated: 7-2-99

_Susan A. King_
SUE KING
Susan A. King

F:\WORK\Smith Barney Class Action\CONSENT\CONSENT FORM.King.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

SUE KING, AUDREY PEREZ, ET AL., :
on behalf of themselves and other :
similarly situated persons, :
:
    Plaintiffs, :
:
vs. : CASE NO.
: MAGISTRATE JUDGE
SMITH BARNEY INC., :
:
    Defendant. :
_____:

## CONSENT FORM

### CONSENT OF INDIVIDUAL EMPLOYEE TO BECOME PARTY PLAINTIFF PURSUANT TO SECTION 216(b) OF THE FAIR LABOR STANDARDS ACT

    I, AUDREY Y. PEREZ, a former non-exempt employee of Defendant Smith Barney Inc. at Smith Barney's Sarasota, Florida office, worked overtime for Defendant Smith Barney Inc. without payment of overtime wages within the last three (3) years, and hereby consent to become a party plaintiff in the present action. I understand that by filing this form with the Court, I am agreeing to join this action as a party plaintiff, to be bound by any judgment rendered in this case, and to be represented in such action by counsel for the collective plaintiffs, JONATHAN E. PERLMAN, Esq., Genovese Lichtman Joblove & Battista, NationsBank Tower, Suite 3300, 100 S.E. Second Street, Miami, Florida 33131.

Dated: 7/2/99

_____
AUDREY Y. PEREZ

F:\WORK\Smith Barney Class Action\CONSENT\CONSENT FORM.Perez.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

SUE KING, AUDREY PEREZ, ET AL., :
on behalf of themselves and other :
similarly situated persons, :
                                  :      :
        Plaintiffs,               :
                                  :
vs.                               :      CASE NO.
                                  :      MAGISTRATE JUDGE
SMITH BARNEY INC.,                :
                                  :
        Defendant.                :
_____:

## CONSENT FORM

### CONSENT OF INDIVIDUAL EMPLOYEE TO BECOME PARTY PLAINTIFF PURSUANT TO SECTION 216(b) OF THE FAIR LABOR STANDARDS ACT

I, ELIZABETH HUGUS, a former non-exempt employee of Defendant Smith Barney Inc. at Smith Barney's Westport, Connecticut office, worked overtime for Defendant Smith Barney Inc. without payment of overtime wages within the last three (3) years, and hereby consent to become a party plaintiff in the present action. I understand that by filing this form with the Court, I am agreeing to join this action as a party plaintiff, to be bound by any judgment rendered in this case, and to be represented in such action by counsel for the collective plaintiffs, JONATHAN E. PERLMAN, Esq., Genovese Lichtman Joblove & Battista, NationsBank Tower, Suite 3300, 100 S.E. Second Street, Miami, Florida 33131.

Dated: 6/30/99                    _____
                                  ELIZABETH HUGUS

F:\WORK\Smith Barney Class Action\CONSENT\CONSENT FORM.Hugus.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

SUE KING, AUDREY PEREZ, ET AL., :
on behalf of themselves and other :
similarly situated persons, :
:
    Plaintiffs, :
:
vs. : CASE NO.
: MAGISTRATE JUDGE
SMITH BARNEY INC., :
:
    Defendant. :
_____:

## CONSENT FORM

### CONSENT OF INDIVIDUAL EMPLOYEE TO BECOME PARTY PLAINTIFF PURSUANT TO SECTION 216(b) OF THE FAIR LABOR STANDARDS ACT

    I, JACKIE RUPERT, a former non-exempt employee of Defendant Smith Barney Inc. at Smith Barney's Sarasota, Florida office, worked overtime for Defendant Smith Barney Inc. without payment of overtime wages within the last three (3) years, and hereby consent to become a party plaintiff in the present action. I understand that by filing this form with the Court, I am agreeing to join this action as a party plaintiff, to be bound by any judgment rendered in this case, and to be represented in such action by counsel for the collective plaintiffs, JONATHAN E. PERLMAN, Esq., Genovese Lichtman Joblove & Battista, NationsBank Tower, Suite 3300, 100 S.E. Second Street, Miami, Florida 33131.

Dated: 7/1/99

JACKIE RUPERT AKA

JACQUI RUPERT

F:\WORK\Smith Barney Class Action\CONSENT\CONSENT FORM.Rupert.wpd

# CIVIL COVER SHEET 99-2063 CIV-SEITZ

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**MAGISTRATE JUDGE GARBER**

**I (a) PLAINTIFFS**
SUE KING, AUDREY PEREZ, ET AL., on behalf of themselves and other similarly situated persons

**DEFENDANTS**
SALOMON SMITH BARNEY

**NIGHT BOX FILED JUL 23 1999**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Pinellas
(EXCEPT IN U.S. PLAINTIFF CASES)

Attach 99cv2063 Seitz Garber

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Jonathan E. Perlman, Genovese Lichtman Joblove & Battista, 100 SE 2nd St, Suite 2300, Miami, FL 33131, (305) 349-2300

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only)

## IV. CAUSE OF ACTION
29 U.S.C. Section 216(b) -- to recover unpaid overtime compensation earned by non-exempt employees in national collective action.

**IVa.** 30 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT
[710 Fair Labor Standards Act checked]

## VI. ORIGIN
[X] 1 Original Proceeding

## VII. REQUESTED IN COMPLAINT
CLASS ACTION: Collective Action
JURY DEMAND: YES

**DATE:** July 23, 1999

**SIGNATURE OF ATTORNEY OF RECORD:** [signed]

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 806479
Date Paid: 07/24/99
Amount: 150.00