UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 99-2063-CIV-UNGARO-BENAGES
MAGISTRATE JUDGE BROWN

SUE KING, AUDREY PEREZ, ET AL., :
on behalf of themselves and other :
similarly situated persons, :
:
      Plaintiffs, :
:
vs. : THIS IS A CONSENT CASE
:
SALOMON SMITH BARNEY, INC., :
:
      Defendant. :
_____/

## SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, Debra Ciarrocchi, Lorelle Farber, Bridget Basilico and Janice Priest (each a "Settling Plaintiff" and together the "Settling Plaintiffs") joined the action entitled King v. Salomon Smith Barney, Inc., No. 99-2063-CIV-UNGARO-BENAGES (the "Lawsuit") as party Plaintiffs by filing consent forms with this Court; and

WHEREAS, the Settling Plaintiffs and Salomon Smith Barney, Inc. ("Smith Barney" or the "Company") (together the "Parties") desire to enter into this Agreement to fully and finally settle, resolve and dismiss with prejudice the claims of the Settling Plaintiffs;

NOW THEREFORE, in consideration of the mutual promises and agreements hereinafter set forth, it is hereby stipulated and agreed by, between and among the Parties that:

1.      Release. All claims, rights or causes of action arising out of or relating to any violation of the FLSA, 29 U.S.C. § 201 et. seq. or any other federal, state or local law, statute,

1-MI/414577.2

rule or regulation concerning the computation or payment of overtime compensation, whether now known or unknown, whether based upon common, statutory, federal, state, local or other law, which have been, could have been, or in the future might be asserted in this Lawsuit, in any action in any court of competent jurisdiction, or in any arbitration or administrative proceeding, by the Settling Plaintiffs, against Smith Barney or any of its present or former officers, directors, principals, employees, agents, attorneys, insurers, representatives, affiliates, parents, subsidiaries, successors or assigns (the "Releasees"), which claims, rights, or causes of action are in connection with, arose out of or hereafter will arise out of, or relate to any of the allegations or claims that have been, could have been, or in the future might be asserted in this Lawsuit (the "Settled Claims"), shall be and hereby are compromised, settled, released, discharged, and dismissed with prejudice.

2.  Consideration. In consideration for the full settlement, release, discharge, satisfaction and compromise of all of the Settled Claims, the Parties agree that within fourteen (14) business days of the entry of an Order by the Court approving this Settlement and dismissing the claims of the Settling Plaintiffs with Prejudice, Smith Barney shall cause to be mailed to Counsel for Plaintiffs, Genovese, Lichtman, Joblove & Battista, P.A., for each Settling Plaintiff, a copy of the Release set forth in Paragraph 1 and a Settlement Check payable to her in the following amounts: Ciarrocchi $8,313.55; Farber $17,869.55; Priest $8,392.20; and Basilico $10,023, in each case less withholding for the employee's share of any applicable federal, state and local taxes. Smith Barney will pay the employer's share of any applicable taxes required by law, separately and in addition to the Settlement Checks.

On the reverse side of each Settlement Check shall be printed above the space for endorsement a declaration, similar to the form attached hereto as Exhibit A, confirming that the Settling Plaintiff has read and understands the Release provision and agrees to be bound by the terms of this Settlement Agreement and Release. Each Settling Plaintiff must endorse the Settlement Check within sixty (60) days of the date on which the Settlement Check is mailed. The Settlement Check shall also bear a legend directing Smith Barney's bank not to accept the Settlement Check or make payment on it if it is unsigned or if the Declaration, or any part of it, has been altered or deleted.

3.      Confidentiality; Exceptions. Neither the Parties nor their Counsel shall issue, authorize, or contribute to the preparation or dissemination of any press release or any other public statement or disclosure concerning this Settlement and Release or any of the terms thereof, or sponsor or participate in any press conference, interview, media appearance, or other discussion open to the public or intended for publication concerning this Settlement and Release or any of the terms thereof without the express written approval of Counsel for the other Party or Parties. In response to inquiries from third parties, the Parties shall state only that the individual claims have been settled and that the Lawsuit has been dismissed.

4.      Assignment. This Settlement Agreement and Release, upon taking effect, shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, administrators, insurers, parents, subsidiaries, affiliates, successors, and assigns and upon any corporation, partnership, or other entity into or with which any party has merged or consolidated or may merge or consolidate. The Parties and their respective heirs, executors, administrators,

insurers, parents, subsidiaries, affiliates, successors, and assigns accordingly stipulate that they have no right to object to the terms of the Settlement Agreement and Release once executed, or to the Order approving the Settlement, and they hereby waive any right to appeal such Order.

5.  Entire Agreement. This Settlement Agreement and Release, including all exhibits annexed hereto, constitutes the entire agreement among the parties and supersedes all prior agreements or understandings, if any, whether oral or written, with regard to the subject matter hereof between the Parties hereto. This Settlement Agreement and Release may not be modified or amended except in a writing signed by or on behalf of all Parties hereto or their successors in interest.

6.  No Waiver. The waiver by any Party of any breach of this Settlement Agreement and Release shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement.

7.  Settlement Not Evidence. Whether or not this Settlement Agreement and Release becomes effective, neither this Settlement Agreement and Release, nor any Exhibit attached hereto, nor any exhibit, document, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered in this or any other action or proceeding as evidence of (a) an admission or concession on the part of Smith Barney of any liability or wrongdoing (b) an admission or concession on the part of Smith Barney that the Plaintiffs, or any of them, have suffered any damage or (c) an admission or concession on the part of the Plaintiffs that any of their claims asserted in the lawsuit are without merit.

8. <u>Severability</u>. In the event any provision of this Settlement Agreement and Release shall be held to be void, voidable, unlawful or, for any reason, unenforceable, the remaining portions shall remain in full force and effect. The unenforceability or invalidity of a provision of this Settlement Agreement and Release in one jurisdiction shall not invalidate or render that provision unenforceable in any other jurisdiction.

9. <u>Authority to Sign</u>. Each of the attorneys executing this Settlement Agreement and Release warrants and represents that he or she has been duly authorized and empowered to execute this Settlement on behalf of and to bind the Party or Parties on whose behalf he or she signs.

10. The Court in this matter shall retain jurisdiction to enforce the terms of this Settlement Agreement and Release.

11. Plaintiffs' counsel does not waive and shall retain the right to assert a claim for attorneys' fees pursuant to Paragraphs 5(f), 13(b) and 18 of the Stipulation of Settlement in this action, approved by this Court by Ordered dated March 2, 2001.

IN WITNESS WHEREOF, the Parties, by their Counsel, have executed this Settlement Agreement, intending to be legally bound thereby.

Dated: Miami, Florida, June 27, 2001

| | |
|---|---|
| GENOVESE LICHTMAN JOBLOVE<br>& BATTISTA, P.A.<br>Attorneys for Plaintiffs<br>100 S.E. Second Street<br>Suite 3600<br>Miami, Florida 33131<br>Telephone: (305) 349-2300<br>Facsimile: (305) 349-2310<br><br>_____<br>Jonathan E. Perlman<br>Florida Bar Number 773328 | MORGAN, LEWIS & BOCKIUS LLP<br>Attorneys for Defendant Smith Barney Inc.<br>5300 First Union Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131-2339<br>Telephone: (305) 579-0300<br>Facsimile: (305) 579-0321<br><br>_____<br>Alex J. Sabo<br>Florida Bar Number 262821 |