UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SUE KING, AUDREY PEREZ, ET AL.,
on behalf of themselves and other
similarly situated persons,

      Plaintiffs,

vs.

SALOMON SMITH BARNEY, INC.,

      Defendant.

CASE NO.: 99-2063-CIV-UNGARO-BENAGES
MAGISTRATE JUDGE BROWN

THIS IS A CONSENT CASE

### ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, Debra Ciarrocchi, Lorelle Farber, Bridget Basilico and Janice Priest joined the action entitled <u>King v. Salomon Smith Barney, Inc.</u>, No. 99-2063-CIV-UNGARO-BENAGES (the "Lawsuit") as party Plaintiffs by filing consent forms with this Court; and

WHEREAS, material issues of fact and substantial questions of law are actually in dispute between the parties; and

WHEREAS, Debra Ciarrocchi, Lorelle Farber, Bridget Basilico and Janice Priest (the "June 29 Settling Plaintiffs") have agreed to settle their claims and have entered into a Settlement Agreement and Release dated June 29, 2001 (the "June 29 Settlement"), a copy of which is attached hereto as Exhibit A; and

WHEREAS, the parties have agreed that in lieu of the terms and conditions set forth in paragraph 13(b) of the February 22, 2001 Settlement Stipulation with respect to the payment of additional attorneys' fees: Smith Barney will pay Plaintiffs' Counsel an additional $18,000 in fees and costs to be wired to Plaintiffs' Counsel not later than July 31, 2001. If payment is not

made by July 31, 2001, the $18,000 in attorneys' fees and costs will accrue interest at an annual rate of 10%, such interest to begin accruing on August 1, 2001 and to end on the earlier of: (i) the date of payment of the $18,000 or (ii) August 31, 2001. If the $18,000 is not paid to Plaintiffs' Counsel by August 31, 2001, Smith Barney will pay to Plaintiffs' Counsel the sum of $25,000. If that amount is not paid by August 31, 2001 and Plaintiffs' Counsel has to move to enforce the terms set forth herein Smith Barney will pay the attorneys fees and costs associated with such a motion; and

WHEREAS, the Court has determined that the settlement proposed by the parties is a fair and reasonable resolution of a bona fide dispute; and

WHEREAS, the parties have consented to the entry of this Order and the Court has given the matter due deliberation.

IT IS HEREBY ORDERED that for the purposes of this Order, the Court adopts and incorporates the definitions in the February 22, 2001 and June 29, 2001 Settlements, and it is further

ORDERED that the June 29 Settlement by, between and among the June 29 Settling Plaintiffs and Smith Barney, as set forth and embodied in Exhibit A, is hereby approved; and it is further

ORDERED that if the June 29 Settling Plaintiffs have, by execution of a waiver in the form attached hereto as Exhibit B, waived and released their right to take any appeal from any order or judgment of any kind in this action, then within fourteen (14) days after the date of entry of this Order, Smith Barney shall mail or cause to be mailed Releases and Settlement Checks to the June 29 Settling Plaintiffs, as defined in the June 29 Settlement. If, however, any of the June

29 Settling Plaintiffs choose not to execute the waiver attached hereto as Exhibit B, then, unless an appeal is timely taken from this Order, within thirty-five (35) days after the date of the entry of this Order, Smith Barney shall mail or cause to be mailed Releases and Settlement Checks to the June 29 Settling Plaintiffs; and it is further

ORDERED that Counsel for the parties, as soon as reasonably practicable after the resolution of all claims asserted in this Lawsuit, but not later that twenty business days thereafter, shall jointly apply for entry of a Final Judgment, in substantially the form attached hereto as Exhibit C, dismissing the Lawsuit in its entirety, with prejudice.

Dated: Miami, Florida
       July 26, 2001

SO ORDERED

Stephen T. Brown
United States Magistrate Judge

cc:
**Jonathan E. Perlman, Esq.**
100 S.E. 2nd Street, 36th Floor
Miami, FL 33131
(305) 349-2310 Fax
**Christopher A. Parlo, Esq.**
100 Park Avenue
New York, NY 10178
(212) 309-6273 Fax
**Alex J. Sabo, Esq.**
5300 First Union Financial Center
200 S. Biscayne Boulevard
Miami, FL 33131
(305) 579-0321 Fax

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 99-2063-CIV-UNGARO-BENAGES
MAGISTRATE JUDGE BROWN

SUE KING, AUDREY PEREZ, ET AL., :
on behalf of themselves and other :
similarly situated persons, :
:
       Plaintiffs, :
:
vs. :    THIS IS A CONSENT CASE
:
SALOMON SMITH BARNEY, INC., :
:
       Defendant. :
_____/

## SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, Debra Ciarrocchi, Lorelle Farber, Bridget Basilico and Janice Priest (each a "Settling Plaintiff" and together the "Settling Plaintiffs") joined the action entitled King v. Salomon Smith Barney, Inc., No. 99-2063-CIV-UNGARO-BENAGES (the "Lawsuit") as party Plaintiffs by filing consent forms with this Court; and

WHEREAS, the Settling Plaintiffs and Salomon Smith Barney, Inc. ("Smith Barney" or the "Company") (together the "Parties") desire to enter into this Agreement to fully and finally settle, resolve and dismiss with prejudice the claims of the Settling Plaintiffs;

NOW THEREFORE, in consideration of the mutual promises and agreements hereinafter set forth, it is hereby stipulated and agreed by, between and among the Parties that:

1.     Release. All claims, rights or causes of action arising out of or relating to any violation of the FLSA, 29 U.S.C. § 201 et. seq. or any other federal, state or local law, statute,

1-MI/414577.2

EXHIBIT "A"

CASE NO.: 99-2063-CIV-UNGARO-BENAGES
MAGISTRATE JUDGE BROWN

rule or regulation concerning the computation or payment of overtime compensation, whether now known or unknown, whether based upon common, statutory, federal, state, local or other law, which have been, could have been, or in the future might be asserted in this Lawsuit, in any action in any court of competent jurisdiction, or in any arbitration or administrative proceeding, by the Settling Plaintiffs, against Smith Barney or any of its present or former officers, directors, principals, employees, agents, attorneys, insurers, representatives, affiliates, parents, subsidiaries, successors or assigns (the "Releasees"), which claims, rights, or causes of action are in connection with, arose out of or hereafter will arise out of, or relate to any of the allegations or claims that have been, could have been, or in the future might be asserted in this Lawsuit (the "Settled Claims"), shall be and hereby are compromised, settled, released, discharged, and dismissed with prejudice.

2. <u>Consideration</u>. In consideration for the full settlement, release, discharge, satisfaction and compromise of all of the Settled Claims, the Parties agree that within fourteen (14) business days of the entry of an Order by the Court approving this Settlement and dismissing the claims of the Settling Plaintiffs with Prejudice, Smith Barney shall cause to be mailed to Counsel for Plaintiffs, Genovese, Lichtman, Joblove & Battista, P.A., for each Settling Plaintiff, a copy of the Release set forth in Paragraph 1 and a Settlement Check payable to her in the following amounts: Ciarrocchi $8,313.55; Farber $17,869.55; Priest $8,392.20; and Basilico $10,023, in each case less withholding for the employee's share of any applicable federal, state and local taxes. Smith Barney will pay the employer's share of any applicable taxes required by law, separately and in addition to the Settlement Checks.

-2-

1-MI/414577.2

CASE NO.: 99-2063-CIV-UNGARO-BENAGES
MAGISTRATE JUDGE BROWN

On the reverse side of each Settlement Check shall be printed above the space for endorsement a declaration, similar to the form attached hereto as Exhibit A, confirming that the Settling Plaintiff has read and understands the Release provision and agrees to be bound by the terms of this Settlement Agreement and Release. Each Settling Plaintiff must endorse the Settlement Check within sixty (60) days of the date on which the Settlement Check is mailed. The Settlement Check shall also bear a legend directing Smith Barney's bank not to accept the Settlement Check or make payment on it if it is unsigned or if the Declaration, or any part of it, has been altered or deleted.

3.      Confidentiality; Exceptions. Neither the Parties nor their Counsel shall issue, authorize, or contribute to the preparation or dissemination of any press release or any other public statement or disclosure concerning this Settlement and Release or any of the terms thereof, or sponsor or participate in any press conference, interview, media appearance, or other discussion open to the public or intended for publication concerning this Settlement and Release or any of the terms thereof without the express written approval of Counsel for the other Party or Parties. In response to inquiries from third parties, the Parties shall state only that the individual claims have been settled and that the Lawsuit has been dismissed.

4.      Assignment. This Settlement Agreement and Release, upon taking effect, shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, administrators, insurers, parents, subsidiaries, affiliates, successors, and assigns and upon any corporation, partnership, or other entity into or with which any party has merged or consolidated or may merge or consolidate. The Parties and their respective heirs, executors, administrators,

CASE NO.: 99-2063-CIV-UNGARO-BENAGES
MAGISTRATE JUDGE BROWN

insurers, parents, subsidiaries, affiliates, successors, and assigns accordingly stipulate that they have no right to object to the terms of the Settlement Agreement and Release once executed, or to the Order approving the Settlement, and they hereby waive any right to appeal such Order.

5. <u>Entire Agreement</u>. This Settlement Agreement and Release, including all exhibits annexed hereto, constitutes the entire agreement among the parties and supersedes all prior agreements or understandings, if any, whether oral or written, with regard to the subject matter hereof between the Parties hereto. This Settlement Agreement and Release may not be modified or amended except in a writing signed by or on behalf of all Parties hereto or their successors in interest.

6. <u>No Waiver</u>. The waiver by any Party of any breach of this Settlement Agreement and Release shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement.

7. <u>Settlement Not Evidence</u>. Whether or not this Settlement Agreement and Release becomes effective, neither this Settlement Agreement and Release, nor any Exhibit attached hereto, nor any exhibit, document, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered in this or any other action or proceeding as evidence of (a) an admission or concession on the part of Smith Barney of any liability or wrongdoing (b) an admission or concession on the part of Smith Barney that the Plaintiffs, or any of them, have suffered any damage or (c) an admission or concession on the part of the Plaintiffs that any of their claims asserted in the lawsuit are without merit.

-4-

1-MI/414577.2

CASE NO.: 99-2063-CIV-UNGARO-BENAGES
MAGISTRATE JUDGE BROWN

8.     Severability. In the event any provision of this Settlement Agreement and Release shall be held to be void, voidable, unlawful or, for any reason, unenforceable, the remaining portions shall remain in full force and effect. The unenforceability or invalidity of a provision of this Settlement Agreement and Release in one jurisdiction shall not invalidate or render that provision unenforceable in any other jurisdiction.

9.     Authority to Sign. Each of the attorneys executing this Settlement Agreement and Release warrants and represents that he or she has been duly authorized and empowered to execute this Settlement on behalf of and to bind the Party or Parties on whose behalf he or she signs.

10.     The Court in this matter shall retain jurisdiction to enforce the terms of this Settlement Agreement and Release.

11.     Plaintiffs' counsel does not waive and shall retain the right to assert a claim for attorneys' fees pursuant to Paragraphs 5(f), 13(b) and 18 of the Stipulation of Settlement in this action, approved by this Court by Ordered dated March 2. 2001.

IN WITNESS WHEREOF, the Parties, by their Counsel, have executed this Settlement Agreement, intending to be legally bound thereby.

Dated: Miami, Florida, June 27, 2001

CASE NO.: 99-2063-CIV-UNGARO-BENAGES
MAGISTRATE JUDGE BROWN

| | |
|---|---|
| GENOVESE LICHTMAN JOBLOVE<br>  & BATTISTA, P.A.<br>Attorneys for Plaintiffs<br>100 S.E. Second Street<br>Suite 3600<br>Miami, Florida 33131<br>Telephone: (305) 349-2300<br>Facsimile: (305) 349-2310<br><br>_____<br>Jonathan E. Perlman<br>Florida Bar Number 773328 | MORGAN, LEWIS & BOCKIUS LLP<br>Attorneys for Defendant Smith Barney Inc.<br>5300 First Union Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131-2339<br>Telephone: (305) 579-0300<br>Facsimile: (305) 579-0321<br><br>_____<br>Alex J. Sabo<br>Florida Bar Number 262821 |

-6-

1-MI/414577.2

# EXHIBIT B
## WAIVER OF RIGHT TO APPEAL

I, _____, in exchange for the payments and other consideration (including, but not limited to, the right to receive payment of any settlement amounts within fourteen (14) days of the date that the Court issues an Order approving the June 29 Settlement) provided for in the Settlement Agreement and Release between me and Salomon Smith Barney Inc. ("Smith Barney") dated June 29, 2001, in the Action entitled <u>Sue King, Audrey Perez, et al. v. Salomon Smith Barney Inc.</u>, 99-2063-CIV-UNGARO-BENAGES (the "June 29 Settlement"), agree to waive the right to take any appeal from any order or judgment of any kind in this action. I understand and agree that if I should file any appeal, I will be required to immediately return any and all amounts paid under the June 29 Settlement, and that such amounts will be held in escrow by Plaintiff's Counsel, Genovese, Lichtman, Joblove & Battista, P.C., until such time as the appeal has been resolved. If after such appeal the June 29 Settlement is confirmed and I still wish to settle, the amounts held in escrow will be paid to me. If, as a result of the appeal, the June 29 Settlement is voided, or otherwise negated in any way, and an alternative settlement is not agreed to in writing by the parties, the amounts held in escrow will be returned to Smith Barney.

I acknowledge that I have
read this Waiver and that I understand
and voluntarily accept its terms.

_____      Date:_____

WITNESSED BY:

_____

EXHIBIT "B"

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SUE KING, AUDREY PEREZ, ET AL., on behalf of themselves and other similarly situated persons, | : : : : |
| Plaintiffs, | : CASE NO.: 99-2063-CIV-UNGARO-BENAGES : MAGISTRATE JUDGE BROWN |
| vs. | : : |
| SALOMON SMITH BARNEY, INC., | : THIS IS A CONSENT CASE : |
| Defendant. | : : |

### FINAL STIPULATED JUDGMENT AND DISMISSAL OF COLLECTIVE ACTION

WHEREAS, Sue King, Audrey Perez, et al. (the "Named Plaintiffs"), commenced this action against Salomon Smith Barney, Inc. ("Smith Barney") by filing a Complaint on July 23, 1999 (the "Lawsuit"); and

WHEREAS, the Named Plaintiffs brought the Lawsuit as a collective action on behalf of themselves and others similarly situated pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"); and

WHEREAS, a number of additional individuals filed notices of consent to become, and did become, additional party plaintiffs in the lawsuit (collectively with the Named Plaintiffs the "Plaintiffs"); and

WHEREAS, the Complaint alleges, inter alia, that Smith Barney refused and/or failed, to pay all of the overtime compensation due to employees who were not exempt from the FLSA and who worked greater than forty (40) hours in any given week; and

EXHIBIT "C"

WHEREAS, Smith Barney answered the Complaint, asserted defenses to the claims therein, denies that it owes unpaid overtime compensation to the Named Plaintiffs, the Plaintiffs and to any other individual purported to be similarly situated, denies that it has violated the FLSA or any other law or regulation relating to the payment of overtime or other compensation, denies all charges and claims of wrongdoing, maintains that it has acted properly at all times and under all circumstances, and contests any liability whatsoever to the Named Plaintiffs, the Plaintiffs and to any other individual purported to be similarly situated; and

WHEREAS, the Court makes, and has made, no finding that Smith Barney has engaged in any wrongdoing or in any wrongful conduct or otherwise acted improperly or in violation of any law, duty or regulation in any respect; and

WHEREAS, Counsel for Plaintiffs and Counsel for Smith Barney have conducted discovery and have had extensive and protracted discussions concerning a resolution of the issues raised in this Lawsuit and proposed a settlement of those issues; and

WHEREAS, the Court, by its Orders dated March 2, 2001 and _____, 2001, approved the Settlements Proposed by the parties as to the Plaintiffs, having determined that material issues of fact and substantial questions of law were actually in dispute between the parties and that the Settlements Proposed jointly by the parties together constituted a fair and reasonable resolution of a bona fide dispute; and

WHEREAS, the parties have consented to the entry of this Order and the Court has given the matter due deliberation.

IT IS HEREBY ORDERED AND DECREED that:

1. For the purposes of this Final Stipulated Judgment, the Court adopts and incorporates the definitions contained in the parties' Settlement Stipulation dated February 22, 2001 and Settlement Agreement and Release dated June 29, 2001 (the "Settlements"), copies of which are filed in the record of this case.

2. This Court has jurisdiction over the subject matter of this litigation, and all claims asserted in this litigation, and over all parties to this litigation, including all Plaintiffs in this Lawsuit.

3. This Court hereby directs consummation of the terms and provisions of the Settlements, copies of which are filed in the record of this cause.

4. This Court hereby decrees that neither the Settlements, nor this Final Stipulated Judgment, nor the fact of settlement is an admission or concession by Smith Barney of any liability, damages or wrongdoing whatsoever. This Final Stipulated Judgment is not a finding of the validity or invalidity of any claims asserted in the Lawsuit or of any wrongdoing by Smith Barney. Neither this Final Stipulated Judgment, nor the Settlements, nor the fact of settlement, nor the settlement proceedings, nor the settlement negotiations, nor any related documents, shall be used or construed as an admission of any fault, liability, or wrongdoing by any person, or offered or received in evidence as an admission, concession, presumption, or inference against any party in any action in this or in any other court or in any arbitration or state and/or federal agency or administrative proceeding.

5. Each of the Plaintiffs, including those identified in Exhibit A attached hereto, has joined the Lawsuit as a Plaintiff and is bound by the terms of the Settlements and by this Final Stipulated Judgment.

6. This Court hereby dismisses the Lawsuit in its entirety with prejudice, and dismisses in its entirety and with prejudice each and every one of the Settled Claims (as that term is defined in the Settlements) of the Plaintiffs.

7. Smith Barney and all its present or former officers, directors, principals, employees, agents, attorneys, representatives, affiliates, parents, subsidiaries, insurers, successors and assignees are hereby and forever released and discharged by each Plaintiff with respect to any and all claims, rights or causes of action arising out of or relating to any violation of the FLSA, 29 U.S.C. 201 et seq., or any other federal, state or local or other law, statute or regulation, whether or not now known, whether based upon common, statutory, federal, state, local or other law, which have been or could have been asserted in this Lawsuit, in an action in any court of competent jurisdiction, or in any arbitration or federal and/or state agency or administrative proceeding, and which arise out of, are in connection with, or relate to any of the allegations or claims that have been or could have been asserted in this Lawsuit.

8. Each Plaintiff, including those identified in Exhibit A, is hereby forever barred and enjoined from asserting any Settled Claim against Smith Barney or any of its present or former officers, directors, principals, employees, agents, attorneys, representatives, affiliates, parents, subsidiaries, insurers, successors or assigns, either directly or indirectly, in this Action, in any action in this or in any other court, or in any arbitration or federal and/or state agency or administrative proceeding.

9. Without in any way affecting the finality of this Final Stipulated Judgment, this Court hereby retains continuing jurisdiction over the Lawsuit and over the parties thereto for purposes of adjudicating any disputes arising under, or requiring the interpretation, enforcement, or implementation of, any provision of the Settlements or of this Final Stipulated Judgment.

Date: Miami, Florida
      July __, 2001

                              SO ORDERED


                              _____
                              Ursula Ungaro-Benages
                              United States District Judge